IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDICE WHITE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOU FUSZ MOTOR COMPANY, )<br>)<br>Defendant. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, CANDICE WHITE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her Complaint against Defendant, LOU FUSZ MOTOR COMPANY, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and/or statutory damages for Defendant's violation of the Odometer Disclosure Requirements of the Motor Vehicle Information & Cost Savings Act, 49 U.S.C. §32701, et seq.

### II.   JURISDICTION AND VENUE

2. Jurisdiction arises under the Motor Vehicle Information & Cost Savings Act (hereinafter, "Odometer Act"), 49 U.S.C. §32701, et seq., and pursuant to 28 U.S.C. §§1331m, 1367 and 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. CANDICE WHITE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Louis, County of St. Louis, State of Missouri.

1

5. Defendant, LOU FUSZ MOTOR COMPANY, (hereinafter, "Defendant") is a Missouri corporation and is engaged in the sale and distribution of motor vehicles and related services in Missouri.

## IV. FACTUAL ALLEGATIONS

6. On or about July 28, 2009, Plaintiff agreed to purchase from Defendant and Defendant agreed to sell to Plaintiff a used 2005 Kia Sedona (hereinafter, "Sedona"). (See Retail Installment Contract attached hereto as **Exhibit A**).

7. On or about July 28, 2009, prior to the aforementioned sale, Defendant appointed one its employees (hereinafter, "Salesman") to represent it in its dealings with Plaintiff.

8. Prior to or at the time of the sale, Salesman made a number of representations to Plaintiff which misled and induced her to purchase the Sedona.

9. These representations included that the Sedona's odometer showed a mileage of 63,593 miles. (See Odometer Disclosure Statement attached hereto as **Exhibit B**).

10. These representations further included that the Sedona's odometer indicated the actual mileage of the vehicle. (See **Exhibit B**).

11. Salesman's representations regarding the fact that odometer showed a mileage of 63,593 miles was false.

12. Salesman's representations regarding the fact that odometer indicated the actual mileage of the vehicle was false.

13. Salesman, individually and as a representative of Defendant, omitted, suppressed, and concealed from the Plaintiff, the material fact that the Sedona's odometer did not indicate the actual mileage of the vehicle with the intent that Plaintiff rely on the omission, suppression and

concealment of the fact that the Sedona's odometer did not indicate the actual mileage of the vehicle

14. Had the Plaintiff been aware that Defendant's representations as set forth above were untrue, she would not have purchased the vehicle.

15. Upon information and belief, at the time of the sale of the Sedona to Plaintiff, Defendant was in possession of the title documents and/or other information evidencing that the Sedona's actual mileage was in excess of 63,593.

16. Upon information and belief, at the time of the sale of the Sedona to Plaintiff, Defendant was in possession of documents and/or other information evidencing that on June 5, 2007, the Sedona's mileage was in excess of 63,593.

17. At the time that the aforementioned misrepresentations were made, Defendant was aware that the representations were false, or acted with reckless disregard as to the veracity of the representations, and exercised reckless indifference to the rights of Plaintiff by ignoring information already in its possession and by failing to investigate the accuracy of its statements.

18. Plaintiff exercised all due diligence and reasonably relied on Salesman's and Defendant's representations.

19. On or about September 4, 2009, Plaintiff received a correspondence from the Missouri Department of Revenue's Motor Vehicle Bureau. (See a copy of correspondence attached hereto as **Exhibit C**).

20. The aforementioned correspondence stated that on June 5, 2007, the Sedona's mileage was recorded as 96,964. (See **Exhibit C**).

21. Accordingly, on or about July 28, 2009, the Sedona's actual mileage was not 63,593 miles.

22.     On or about July 28, 2009, the Sedona's actual mileage was in excess of 96,964 miles.

23.     The fact that the Sedona's odometer did not reflect the true mileage of the Sedona was a material fact relative to Plaintiff's purchase of the Sedona as Plaintiff would not have agreed to purchase the Sedona if she had been informed of the Sedona's true mileage.

24.     Plaintiff suffered actual damages in reliance on Defendant's misrepresentations including:

    a.  Purchase of an automobile which failed to conform to the basis of the bargain between the parties;

    b.  Loss of all monies expended towards the purchase of the Sedona; and,

    c.  Severe aggravation and inconvenience.

25.     Defendant's actions were done maliciously and in willful, wanton, and reckless disregard for the rights of Plaintiff, thereby warranting substantial punitive damages.

### COUNT I: VIOLATION OF THE ODOMETER DISCLOSURE REQUIREMENTS OF MOTOR VEHICLE INFORMATION & COST SAVINGS ACT

26.     Plaintiff re-alleges paragraphs 1-25 and incorporates same by reference as though fully set forth herein.

27.     Defendant's actions as stated above constitute a violation of the Odometer Disclosure Requirements of Motor Vehicle Information & Cost Savings Act (hereinafter, "Odometer Act"), 49 U.S.C. §32701, et seq.;

WHEREFORE, Plaintiff requests that this Court:

    a.  Enter judgment against Defendant for all actual, statutory, and punitive damages to which Plaintiff is entitled;

    b.  Award attorneys fees, expenses of litigation and costs; and,

  c. Grant other relief deemed just.

               Respectfully submitted,
               **CANDICE WHITE**

           By: <u>s/ David M. Marco</u>
             Attorney for Plaintiff

<u>Dated: November 29, 2010</u>

David M. Marco (Atty. No.: 6273315 IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail:  dmarco@smithlaw.us

5